GABRY A. BORY

vs.

FRANK S. BERGIN, ET AL.

Superior Court        Hartford County        File #54081

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Charles H. Blackall,            Attorney for the Plaintiff.

Edward J. Daly;
Leo V. Gaffney,            Attorneys for the Defendant.

MEMORANDUM FILED DECEMBER 14, 1936.

BOOTH (JOHN RUFUS), J.   This is an appeal from the revocation by the Liquor Control Commission of the appellant's tavern permit.   The action of the Commission was based on the claim that there had been a violation of **Section 1066 C** which provides that no person who, by the Act is declared to be unsuitable to hold a permit, shall be employed in a tavern.   It was claimed that the appellant had at one time in his employ a person not a citizen of the United States. This was conceded before the Referee who found that this employee was born in Wilna, a part of the Russian Empire, which is now a part of Poland.   He finds in all other regards that the appellant and the place which he conducts are suitable.   Upon these facts the Court is asked by the Commission to determine that there has been a violation by the appellant of the section named and that, therefore, by virtue of **1056 C,** the action of the Commission is justified.   It is conceded, however, that certain aliens are not included in the terms of the statute because **Section 1046 C** has been limited by the effect of treaties with certain foreign powers conferring on the nationals of the latter the same rights and privileges enjoyed by citizens of the United States.   It is the claim of the Commission that the burden rests upon the appellant to establish in this case that his employee was not within the prohibition of the statute.   With this the Court cannot agree.   A permit has been granted to a person otherwise suitable and for a place approved by the Commission.   **Section 1056 C** clearly contemplates that such a permit may be revoked for a violation of a statute and although it is not expressly set forth that this violation must be affirmatively established to justify such revocation, our fundamental procedure permits of no other course.   This is further borne out by **Section 1059 C** requiring, even in the case of a permit tainted with fraud in its procurement "due proof".   The question, therefore, comes to this:   upon the facts found by the Referee has a violation of the statute in the respect alleged been established?   Concededly the employee may or may not be within the terms of

the prohibition of the Act. It has, therefore, not been shown that there has been such violation justifying the action of the Commission.

The appeal is therefore sustained.